**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

ELVIS ACHU NDUM,

              Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

              Respondent.

</td><td>

No. 20-73481

Agency No. A213-187-604

MEMORANDUM[*]

</td></tr>
</table>

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 7, 2021[**]
Portland, Oregon

Before:  W. FLETCHER, IKUTA, and BRESS, Circuit Judges.

Petitioner Elvis Achu Ndum seeks review of the Board of Immigration

Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") order denying his

applications for asylum, withholding of removal, and protection under the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

"We review the denial of asylum, withholding of removal, and CAT claims for substantial evidence." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019); *see also Bassene v. Holder*, 737 F.3d 530, 536 (9th Cir. 2013) ("Credibility determinations are reviewed for substantial evidence."). Under the substantial evidence standard, we may grant the petition only if "the evidence not only *supports* a contrary conclusion, but *compels* it—and also compels the further conclusion that the petitioner meets the requisite standard for obtaining relief." *Sanjaa v. Sessions*, 863 F.3d 1161, 1164 (9th Cir. 2017) (quotation marks and citation omitted).

1. Ndum first challenges the adverse credibility determination underlying the denial of his applications for asylum, withholding of removal, and CAT protection. A credibility determination should account for the "totality of the circumstances, and all relevant factors," which may include the applicant's demeanor, candor, responsiveness, inconsistency, and any falsehoods. 8 U.S.C. § 1158(b)(1)(B)(iii). We have held that, where, as here, a credible-fear interview bears "sufficient indicia of reliability," inconsistencies between an applicant's credible-fear interview and later testimony may form the basis of an adverse

credibility determination. *See Mukulumbutu v. Barr*, 977 F.3d 924, 926 (9th Cir. 2020). Contrary to Ndum's argument, there is no indication that the report of the credible fear interview contained clerical errors.

Here, the IJ's adverse credibility finding was based on various inconsistencies between Ndum's credible-fear interview and his later testimony as well as implausibilities and omissions in the later testimony. In affirming the IJ, the BIA relied on this same reasoning. Because the BIA offered "a legitimate articulable basis" for upholding the adverse credibility determination, that was supported by "specific, cogent reason[s]," the BIA's determination is supported by substantial evidence. *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir. 2002).

Since we uphold the adverse credibility determination, Ndum's challenges to the denial of his applications for asylum and for withholding of removal fail. "Without credible testimony or sufficient corroborating evidence, [Ndum] cannot show that he has a well-founded fear of persecution" based on a protected ground. *Mukulumbutu*, 977 F.3d at 927. Because Ndum failed to satisfy his burden on asylum, he necessarily fails to satisfy the more stringent standard applied to claims for withholding of removal. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th Cir. 2016) ("A petitioner who fails to satisfy the lower standard of proof for

asylum necessarily fails to satisfy the more stringent standard for withholding of removal.").

2. Ndum also challenges the denial of his application for CAT protection. "An adverse credibility determination is not necessarily a death knell to CAT protection." *Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010). We have held that even where an applicant has been deemed not credible, "country conditions alone can play a decisive role in granting relief under" CAT. *Kamalthas v. INS*, 251 F.3d 1279, 1280 (9th Cir. 2001).

While the country conditions evidence demonstrates that Anglophones experience violence in Cameroon, it does not establish that it is more likely than not that Ndum will be tortured by or with the consent or acquiescence of a public official because of his Anglophone-status. *Mukulumbutu*, 977 F.3d at 927. Substantial evidence thus supports the BIA's determination that Ndum did not satisfy his burden for CAT protection.

We decline to take judicial notice of the 2020 Cameroon country conditions evidence. First, this evidence was not presented to the BIA. *See* 8 U.S.C. § 1252(b)(4) ("[T]he court of appeals shall decide the petition only on the administrative record on which the order of removal is based."). Second, there is no basis upon which to view the updated country conditions evidence. *See Gafoor*

4

*v. INS*, 231 F.3d 645, 655 (9th Cir. 2000) (explaining that *Fisher v. INS*, 79 F.3d 955 (9th Cir. 1996) (en banc) applies when country conditions change in significant ways that are "so troubling, so well publicized, and so similar to earlier coups" that the court would be "abdicating [its] responsibility" if it were to ignore the situation).

    **PETITION DENIED.**